**WO**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

UNITED STATES OF AMERICA
v.

Eduardo Quintero-Ozuna

***ORDER OF DETENTION PENDING DISPOSITION***

Case Number: CR-03-1116-003-PHX-PGR

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established: *(Check one or both, as applicable.)*

☐ by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending disposition in this case.

☒ by a preponderance of the evidence the defendant is a serious flight risk and require the detention of the defendant pending disposition in this case.

### PART I -- FINDINGS OF FACT

☐ (1) There is probable cause to believe that the defendant has committed

   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq, or 46 U.S.C. App. § 1901 et seq.

   ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

   ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

   ☐ an offense involving a minor victim prescribed in _____.[1]

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☒ (1) There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐ (2) No condition or combination of conditions will reasonably assure the safety of others and the community.

☐ (3) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐ (4) _____

### PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check one or both, as applicable.)*

☐ (1) I find that the credible testimony and information submitted at the hearing establish by clear and convincing evidence as to danger that:

---

[1] Insert as applicable: Title 18, § 1201 (kidnaping), § 1591 (sex trafficking), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), § 2245 (offenses resulting in death), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 et seq. (certain activities relating to material involving sexual exploitation of minors), § 2252A et seq. (certain activities relating to material constituting or containing child pornography), § 2260 (production of sexually explicit depictions of minors for importation into the U.S.), § 2421 (transportation for prostitution or a criminal sexual activity offense), § 2422 (coercion or enticement for a criminal sexual activity), § 2423 (transportation of minors with intent to engage in criminal sexual activity), § 2425 (use of interstate facilities to transmit information about a minor).

| | (2) | I find by a preponderance of the evidence as to risk of flight that: |
|---|---|---|

- [ ] The defendant has no significant contacts in the District of Arizona.

- [ ] The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

- [ ] The defendant has a prior criminal history.

- [ ] There is a record of prior failure(s) to appear in court as ordered.

- [ ] The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

- [ ] The defendant is facing a minimum mandatory of _____ incarceration and a maximum of _____.

- [ ] The defendant does not dispute the information contained in the Pretrial Services Report, except:

- [x] In addition:
  The defendant submitted the issue of detention. Defendant is alleged to have violated conditions of supervised release.

The Court incorporates by reference the findings of the Pretrial Services Agency which were reviewed by the Court at the time of the hearing in this matter.

### PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

### PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court. Pursuant to Rule 59(a), FED.R.CRIM.P., effective December 1, 2005, Defendant shall have ten (10) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the district court. Failure to timely file objections in accordance with Rule 59(a) may waive the right to review. 59(a), FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Date: July 7, 2009

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge